**94 So.2d 661**

**STATE of Louisiana**

v.

**James Norman MILLER.**

**No. 43303.**

April 1, 1957.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Peter S. Anderson, Dist. Atty., Leesville, A. B. Cavanaugh, Lake Charles, for plaintiff-appellant.

Gravel, Humphries, Sheffield & Mansour, Lloyd G. Teekell, Alexandria, and Jack L. Simms, Leesville, for defendant-appellee.

HAWTHORNE, Justice.

Defendant, charged with the crime of murder, timely filed a motion to recuse the presiding judge. The motion was sustained, and the State appealed.[1]

The grounds for recusation of a judge in a criminal case are set out in R.S. 15:303, which reads insofar as pertinent here: "The causes for which any judge in any criminal case shall be recused, shall be as follows: * * * (2) * * * his being related * * * to one of the at-

1. See R.S. 15:313.

torneys or to the spouse of one of the attorneys within the second degree. * * *".

The motion to recuse which the district judge sustained was submitted on a stipulation of facts as follows: A. B. Cavanaugh is employed and regularly enrolled to assist the prosecution. Cavanaugh is a member of the law firm of Lawes, Cavanaugh, Hickman and Brame, of Lake Charles, Louisiana, and is a law partner of Robert B. Lawes. Lawes is the spouse of the daughter of the presiding judge of the court. Lawes has participated in the division of any fee which has been, or which may be, paid to Cavanaugh for his professional services rendered in this case. The members of this law firm often confer and consult with, and receive advice from, the other members of the firm concerning any case of which any member of the firm may be in direct charge. Even though a particular member of the firm may be employed to handle a particular case, some other member of the firm may, and sometimes actually does, act as the trial attorney for the case.

The trial judge in his written reasons for sustaining the motion said, among other things:

"* * * There are several reasons that render it clear to me that Mr. Lawes, the Judge's son-in-law, is as much one of the attorneys in the case as is Mr. Cavanaugh, who is the one actually employed,

associated with and actively assisting the prosecution, and why the employment of one member of a law firm is equivalent to the employment of the whole firm. Among those reasons are the following:

"(1) Mr. Lawes has participated in or will participate in any fee that has been or may be paid Mr. Cavanaugh for his professional services in the case, hence the Judge's daughter will benefit or has benefited, indirectly, by the fee so paid.

"(2) Should Mr. Cavanaugh become unable to complete the litigation, Mr. Lawes, as every other member of Mr. Cavanaugh's law firm, would be obligated, at the request of his employers and with the consent of the District Attorney, to complete the work Mr. Cavanaugh had undertaken.

"(3) Mr. Lawes could not now, in good conscience or ethics, accept employment on the side of the defense, because by reason of his employment, through the activities of his partner, Mr. Cavanaugh, he is already attorney for the State.

"* * * * * *

"(6) It is well known that, in some cases, lawyers accept criminal cases on a contingent fee basis, that is to say, one fee if successful and a lesser one if unsuccessful. If such were the case here, the Judge would be sitting on a case in which his son-in-law, and indirectly his daughter, had a personal interest in the

outcome, in that success would mean greater benefit to each.

" *    *    *    *    *    *

" * * * While I know that no prejudice could be imposed upon defendant in this case, if I preside, by reason of the fact that Mr. Lawes is my son-in-law, to establish it as the law, if it should be so established, that a judge should not be recused under the facts here prevailing, would be, in my opinion, a most dangerous precedent, one that could be fruitful of much evil and one calculated to lower the respect for and confidence in the Judiciary.

" *    *    *    *    *    * "

The State argues that the grounds for recusation of a judge in a criminal case are purely statutory and limited, and that unless the grounds urged clearly come within the purview of the statute, the judge has no right to recuse himself.

We agree with the district judge that the employment of a member of his son-in-law's law firm, under facts such as are shown by the stipulation to exist here, is tantamount to employment of the judge's son-in-law in the prosecution of this case, and is clearly a ground for the judge's recusation within the intendment of the statute.

For the reasons assigned the ruling of the district judge is affirmed.